David Ben-Meir (SBN 192028)
David@benmeirlaw.com
BEN-MEIR LAW GROUP
3818 Sherview Dr.
Sherman Oaks, California 91403-5033
Tel: 818-903-0007
Fax: 818-788-1449

Attorneys for Plaintiff
Lisa Marie Avetisyan Holm

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LISA MARIE AVETISYAN HOLM, an individual, on behalf of herself and all others similarly situated,<br>Plaintiff,<br><br>vs.<br><br>POSTECH FASHION INC., dba CHICME,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lisa Marie Avetisyan Holm ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Postech Fashion Inc., doing business as Chicme ("Chicme" or "Defendant").

## INTRODUCTION

1. This action challenges Defendant's false and deceptive reference pricing in connection with its sale of women's apparel through the website https://www.chicme.com/ (the "Website") and other channels. Defendant advertises apparel using higher comparison prices alongside purportedly discounted selling prices, conveying that consumers are receiving genuine savings from bona fide regular or former prices.

2. The higher reference prices advertised on Defendant's Website are fictitious or inflated because they do not represent bona fide regular or former prices, or the prevailing market prices in the relevant locality during the applicable period. By displaying those prices alongside lower selling prices, Defendant misleads consumers into believing that its products are worth more, and that the advertised savings are greater, than they actually are.

3. Defendant advertises fake and inflated comparison reference prices to deceive customers into a false belief that Defendant is offering its products at deeply discounted bargain prices. For example, anyone visiting the Website on a given day may see products advertised with a struck-through or "regular" price displayed alongside a lower purported "sale" price. The products are offered for sale with a purported original or regular value alongside the purported sale offer. In doing so, Defendant misleads its customers into believing that they are receiving a significant discount from the ordinary price for these products and services. This is deception because Defendant rarely, if ever, sold in the recent past on the Website or elsewhere these products for the purported original or "regular" amount.

4. Stated differently, Defendant's advertised "sales" are not really sales at all. It is a misrepresentation that Defendant repeats daily. The reference prices that Defendant advertises are fictitious and fake, because they are not original, regular, retail, or former prices. They are inflated prices posted to lure unsuspecting customers into jumping at a fictitious "bargain" and intended to mislead customers into believing that the value of the products they are buying are higher than reality. That is, Defendant engages in this deceptive advertising and pricing scheme to give customers the false impression that they are getting a deal or bargain when in reality they are being swindled by fake sales and promotions. Defendant exacerbates this deception by advertising that its purported sales are limited in time, where in reality the same or substantially similar "sales" are offered continuously or almost continuously.

5. As a result, customers are deceived into spending money they otherwise would not have spent, purchasing products they otherwise would not have purchased, spending more money for products than they otherwise would have absent the deceptive marketing, and/or are receiving a value less than bargained for.

6. By this action, Plaintiff seeks to put an immediate end to Defendant's untruthful marketing practices and recover restitution and damages on behalf of all persons who have fallen victim to Defendant's sham sales by purchasing products on the Website from four years before the filing of this action through class certification.

## PARTIES

7. Plaintiff Lisa Marie Avetisyan Holm is a citizen of California residing in Los Angeles, California.

8. Defendant Postech Fashion Inc. is a corporation organized under the laws of Delaware.

9. On information and belief, Defendant operates the Website and did so during the times relevant to this action.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (5). On information and belief, the proposed classes collectively contain at least 100 members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and at least one proposed class member has citizenship diverse from Defendant.

11. This Court has specific personal jurisdiction over Defendant because Defendant purposefully directed its commercial activities to California, advertised and offered merchandise to California consumers through the Website, accepted Plaintiff's order for delivery in Los Angeles, and undertook to supply the purchased goods in California. Plaintiff's claims arise out of or relate to those California-directed activities.

12. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Plaintiff viewed and relied on the challenged representations and placed her order while in Los Angeles, California, and designated a Los Angeles delivery address.

## APPLICABLE LAW

13. Plaintiff accessed the Website and made her purchase while in California. The transaction was directed to California, including delivery to Plaintiff's California address.

14. California's substantive laws may be constitutionally applied to the claims of Plaintiff under the Due Process Clause, 14th Amend. §1, and the Full Faith and Credit Clause, Art. IV §1 of the U.S. Constitution. California has significant contacts, or significant aggregation of contacts, to the claims asserted by

Plaintiff, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.

15. California has an interest in regulating Defendant's conduct under its laws, and Defendant's engagement in the challenged conduct directed at and affecting California consumers renders the applicability of California law to the claims herein constitutionally permissible.

16. The application of California laws is also appropriate under California's choice of law rules because California has significant contacts to the claims of Plaintiff, and California has a greater interest in applying its laws here than any other interested state.

17. Plaintiff asserts the California statutory claims and intentional misrepresentation claim on behalf of the California Class. The remaining claims are asserted on behalf of the Nationwide Class to the extent permitted by applicable choice-of-law principles and, alternatively, on behalf of the California Class. Plaintiff will seek appropriate subclasses if material differences in applicable law require them.

## GENERAL ALLEGATIONS

18. Defendant markets and sells women's apparel through the Website, including sweaters, tops, dresses, and other clothing. It offers online ordering and shipment to California consumers.

19. Defendant's challenged advertising displays a higher reference price alongside a lower selling price for the same product. The comparison communicates that the lower price represents a meaningful reduction from the product's bona fide regular or former price.

20. A reasonable consumer encountering that presentation would understand that the product was genuinely offered at the higher reference price in the recent, regular course of business and is now available at a meaningful discount. The

representation is material because it affects the consumer's assessment of value and willingness to buy.

21. Defendant routinely offers products on its Website at purported discounts continuously or nearly continuously. On information and belief, the advertised reference prices do not truthfully represent the regular, prevailing or market prices for the products offered on the Website.

22. The advertised former prices on the Website were not the prevailing retail market prices in the relevant locality within the three months immediately preceding publication, and Defendant did not clearly, exactly, and conspicuously state when those former prices prevailed.

23. For example, as can be seen from the screenshots below and Exhibits 1-9 hereto, the Website repeatedly advertised sitewide sales and discounts on individual products throughout the year:[1]




Captured March 30, 2025

[1] Screenshots captured from the Internet Archive at www.web.archive.org.




Captured April 4, 2025




Captured April 7, 2025



Captured December 21, 2025

24. On information and belief, Defendant has more access to information regarding the historic sale prices and discount offers for the products offered for sale and sold on the Website than is available to Plaintiff.

25. A misrepresentation of a product's normal price can materially affect a consumer's purchase decision and cause economic injury when the consumer buys merchandise she otherwise would not have purchased. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1105–07 (9th Cir. 2013).

26. Reasonable consumers interpret Defendant's sale advertisements and strikethrough prices to mean that they will be getting a discount "off" of the former or regular prices that Defendant formerly and usually charges for its products. In other words, reasonable consumers believe that the list prices Defendant advertises represent the amount that consumers formerly had to pay on Defendant's website for Defendant's goods, before the sale began, and will again have to pay for Defendant's goods when the sale ends. This creates a sense of value and urgency: buy now, and you will receive something worth more than you pay for it; wait, and you will pay more for the same thing later.

27. Reasonable consumers also believe that the list prices Defendant advertises represent the true market value of the products, and are the prevailing prices for those products; and that they are receiving discounts from those listed regular prices.

28. On information and belief, however, Defendant almost always offers discounts. As a result, the list prices Defendant advertises are not actually Defendant's regular, former, or prevailing prices. And the purported discounts are illusory.

29. By definition, reasonable consumers expect a sale to be time limited (otherwise, it is not a sale, it is just the regular price). Defendant further emphasizes the supposed time-limited nature of its sales by, for example, attributing them to occasions (e.g., Spring Sale, Summer Sale).

30. Defendant's fake sales work because reasonable consumers are not fake sale detectives. Reasonable consumers are not monitoring the website and competing websites every day for months or years. And even a consumer who occasionally checks the website would reasonably believe that she happened to encounter another legitimate sale. As illustrated above, determining the persistent nature of Defendant's purported sales requires reviewing historical versions of Defendant's Website over an extended period.

**Plaintiff's Purchase and Reliance**

31. On or about January 16, 2026, Plaintiff visited the Website and selected one Sweater in khaki, size XL. Before completing her purchase, Plaintiff saw the Sweater advertised for $26.99 alongside a higher reference price and a discount representation substantially similar to the following:



32. The challenged representation appeared on the Website for Defendant's V-Neck Long Sleeve Sweater Fringe Pullover Casual Tassel Fall Winter Top. Defendant made the representation before Plaintiff paid for the Sweater and as part of the offer that induced her purchase.

33. Plaintiff read and relied on that representation. She understood that the higher reference price was a genuine regular or former price for the Sweater and that the $26.99 price offered her a meaningful saving from that price. The represented savings were a substantial factor in her decision to make the purchase.

34. Plaintiff completed the transaction on January 16, 2026. Chicme issued an email confirmation that day for Order No. 164441 identifying the Sweater, color khaki, size XL, quantity one, at $26.99. The confirmation itemizes $11.98 for shipping and $0.00 for taxes, for a total of $38.97, and lists standard shipping to Los Angeles, California.

35. On information and belief, the specific higher reference price advertised for the Sweater was not a bona fide regular or former price at which Defendant regularly sold or offered the Sweater and was not the prevailing retail market price in Plaintiff's locality within the three months before the advertisement. Defendant did not clearly, exactly, and conspicuously state the date on which the advertised former price allegedly prevailed.

36. On information and belief, Defendant knew that the specific reference prices challenged here were not genuine regular or former prices as represented, or did not meet the applicable prevailing-market-price requirements. Defendant nevertheless used those comparisons to increase sales by leading consumers to believe that the advertised discounts represented genuine savings.

37. Defendant thereby induces customers, including Plaintiff, to buy products they never would have bought, or at the very least, to pay more than they otherwise would have if Defendant was simply being truthful about its regular prices.

38. Therefore, Plaintiff would not have purchased the product, or at the very least, would not have paid as much as she did, had Defendant been truthful. Plaintiff was persuaded to make her purchase and paid as much as she did as a result of Defendant's misrepresentations in connection with the reference price that Plaintiff saw in making her purchase.

39. Plaintiff was harmed by Defendant's false advertising, because but for Defendant's misrepresentations, Plaintiff would not have made her purchase or would not have been willing to pay as much as she did.

40. Further confirming the illusory nature of Defendant's purported pricing and discounts, the same Sweater for which Plaintiff paid $26.99 is now advertised on the Website for $17.99.

41. Plaintiff paid more for the Sweater than she would have paid had Defendant truthfully represented its regular price and the actual savings. She seeks recovery of the price premium attributable to the deception in an amount to be established through evidence of actual market value and pricing, and other recoverable losses proximately caused by the challenged conduct.

42. Plaintiff also alleges that the price and savings representations described above were express terms of her bargain and affirmations of fact forming part of the basis of that bargain. Defendant failed to supply the genuine price reduction and represented value promised in those terms.

43. Defendant's conduct at issue in this lawsuit is ongoing.

44. Plaintiff would like to purchase apparel, including sweaters, from Defendant again if she could rely on the accuracy of its regular prices and advertised savings. She cannot determine from Defendant's advertisements whether future reference prices and discounts are genuine. As a result, she faces the risk of relying on misleading pricing again or forgoing purchases she would otherwise make.

45. Further, Defendant's deceptive sale advertisements pollute the data regarding the regular prices for apparel in the market as a whole, thereby harming Plaintiff and other consumers in their ability to evaluate the value of the deals being offered by Defendant and its competitors.

46. An award of damages for a past purchase would not prevent Defendant from continuing to publish misleading price comparisons or enable Plaintiff to rely on future advertisements. Plaintiff therefore seeks prospective injunctive relief to address the threatened future harm.

47. Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law.

48. A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. For example, Plaintiff's FAL claim under Section 17501 (an equitable claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past three months. Cal. Bus. & Prof. Code § 17501. Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of her legal claims.

49. Further, obtaining a full refund at law is less certain than obtaining a refund in equity, as Plaintiff must show that the product she bought has essentially no market value. In contrast, Plaintiff can seek rescission and restitution without making this showing. This is because Plaintiff purchased a product that she would not otherwise have purchased, but for Defendant's representations.

50. Furthermore, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

51. Finally, legal damages are inadequate to remedy the imminent threat of future harm that Plaintiff faces. Only an injunction can remedy this threat of future harm.

## CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), individually and on behalf of the following proposed classes:

- California Class: All persons who, while in California, purchased one or more apparel products from Defendant through the Website at an advertised discount from a higher reference price during the period beginning four years before the filing of this Complaint and continuing through the date of class certification (the "Class Period").
- Nationwide Class: All persons in the United States who purchased one or more apparel products from Defendant through the Website at an advertised discount from a higher reference price during the Class Period.

53. The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's

counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

54. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions stated above, including the addition of one or more Classes, in connection with her motion for class certification, or at any other time, based upon, among other things, changing circumstances, or new facts obtained during discovery.

55. This case is appropriate for class treatment because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

56. **Numerosity.** On information and belief, the proposed classes include at least 100 members and are sufficiently numerous that joinder is impracticable. Defendant's sales and customer records will establish the precise number and identities.

57. **Typicality.** Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described herein.

58. **Adequacy.** Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and her counsel intend to prosecute this action vigorously.

59. **Commonality and Predominance.** Common questions of law and fact predominate over individual questions, including the following:

- Whether, during the Class Period, Defendant advertised false "regular" prices for products offered on the Website.
- Whether, during the Class Period, Defendant advertised price discounts from false reference prices for products offered on the Website.

- Whether the products advertised by Defendant during the Class Period were offered at their reference prices for any reasonably substantial period of time prior to being offered at prices that were purportedly discounted.
- Whether Defendant's deceptive pricing scheme using false reference prices constitutes an "unlawful," "unfair," or "fraudulent" business practice in violation of the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200, et seq.
- Whether Defendant's deceptive pricing scheme using false reference prices constitutes false advertising in violation of the California False Advertising Law under Business & Professions Code section 17500, et seq.
- Whether Defendant's deceptive pricing scheme using false reference prices constitutes a violation of the California Consumers Legal Remedies Act California Civil Code §§1750 et seq.
- Whether Defendant's use of false reference prices on products during the Class Period was material.

60. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the class is impracticable. Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every member of the class could afford individual litigation, the adjudication of numerous similar claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action, with respect

to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the members of the class. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual members of the class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the class who are not parties to such adjudications, or that would substantially impair or impede the ability of such non-party members of the class to protect their interests.

61. **Ascertainability.** Upon information and belief, Defendant keeps extensive computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer subscriptions, and general marketing programs. On information and belief, Defendant has one or more databases through which a significant majority of members of the class may be identified and ascertained, and it maintains contact information, including email addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

62. Defendant has acted on grounds generally applicable to the Nationwide Class and California Class by using the challenged pricing practices, making classwide prospective injunctive relief appropriate under Rule 23(b)(2). Plaintiff seeks certification of claims for individualized monetary relief under Rule 23(b)(3), with appropriate notice and an opportunity to opt out.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE UNFAIR COMPETITION LAW

## Cal. Bus. & Prof. Code §§ 17200 et seq.

**(By Plaintiff Against Defendant on Behalf of the California Class)**

63. Plaintiff incorporates the preceding factual and class allegations as though fully set forth herein.

64. Plaintiff brings this claim on behalf of herself and the California Class.

65. California Business and Professions Code section 17200 et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" as well as "unfair, deceptive, untrue or misleading advertising."

66. A cause of action may be brought under the "unlawful" prong of the UCL if a practice violates another law. Such an action borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under the UCL.

67. Defendant's conduct is unlawful because it violates California Business and Professions Code sections 17500 and 17501 and California Civil Code section 1770(a)(9) and (13), as described below.

68. The FTC's Guides Against Deceptive Pricing likewise distinguish genuine former-price comparisons from fictitious ones. A higher former price should reflect an actual, bona fide offer maintained in good faith for a reasonably substantial period in the recent, regular course of business. 16 C.F.R. § 233.1. Plaintiff cites these Guides as persuasive guidance, not as a separate private federal claim.

69. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or

substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

70. Here, Defendant's actions constitute "unfair" business acts or practices because, as alleged above, Defendant engaged in a misleading and deceptive pricing scheme by advertising and representing false "regular" prices and thereby falsely advertising and representing markdowns or "discounts" that were false and inflated. Defendant's deceptive marketing practice gave consumers the false impression that Defendant's products were regularly sold on the market for a substantially higher price in the recent past than they actually were and thus led to the false impression that Defendant's products were worth more than they actually were.

71. Defendant's acts and practices thus offended an established public policy, and Defendant engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

72. The harm to Plaintiff and members of the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

73. A business act or practice is "fraudulent" within the meaning of the UCL if members of the public are likely to be deceived.

74. Defendant's practices are likely to deceive reasonable consumers because the higher reference prices communicate genuine regular or former prices and genuine savings, when those representations are false. Having made affirmative price comparisons, Defendant failed to disclose the facts necessary to prevent those comparisons from misleading consumers.

75. Plaintiff and each member of the California Class suffered an injury in fact and lost money or property as a result of Defendant's unlawful, unfair, and/or

fraudulent business practices, and as a result of Defendant's unfair, deceptive, untrue or misleading advertising.

76. Plaintiff and each member of the California Class were harmed by Defendant's conduct alleged herein, because Plaintiff and each member of the California Class would not have made their purchases or would not have paid as much as they did but for Defendant's misrepresentations.

77. Defendant was unjustly enriched by its misrepresentations, because those misrepresentations induced Plaintiff and each member of the California Class to make purchases they otherwise would not have made, pay more for those purchases than they otherwise would have paid, and/or pay more than the value they received.

78. Plaintiff seeks an injunction prohibiting the challenged conduct and requiring truthful reference-price advertising.

79. Plaintiff also seeks restitution of money Defendant obtained from Plaintiff and the California Class as a result of the challenged practices.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF THE FALSE ADVERTISING LAW**

**Cal. Bus. & Prof. Code §§ 17500 et seq.**

**(By Plaintiff Against Defendant on Behalf of the California Class)**

80. Plaintiff incorporates the preceding factual and class allegations as though fully set forth herein.

81. Plaintiff brings this claim on behalf of herself and the California Class.

82. California Business and Professions Code section 17500 prohibits disseminating untrue or misleading advertising, including over the Internet, to induce a purchase when the advertiser knows, or through reasonable care should know, that the statement is untrue or misleading.

83. Under section 17501, an advertised former price must have been the prevailing market price in the relevant locality within the preceding three months,

unless the advertisement clearly, exactly, and conspicuously states when that former price prevailed.

84. Defendant advertised the false reference prices described above to induce Plaintiff and the California Class to purchase apparel. The advertisements misleadingly conveyed that the products had genuine higher regular or former prices and that the lower selling prices represented actual, substantial discounts. The challenged former prices did not satisfy section 17501, and the advertisements did not disclose a qualifying earlier date.

85. Defendant knew, or by the exercise of reasonable care should have known, that the particular reference-price representations challenged here were untrue or misleading. Defendant controlled the advertised prices and had access to the pricing histories of the affected products, including their sale and off-sale periods. Despite that information, Defendant published the challenged comparisons without a genuine basis for the represented regular or former prices and savings.

86. As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and members of the California Class have suffered injury in fact and have lost money.

87. Plaintiff and members of the California Class were harmed by Defendant's false and misleading advertising, because Plaintiff and each member of the California Class would not have made their purchase or would not have paid as much as they did but for Defendant's misrepresentations.

88. Defendant was unjustly enriched by its misrepresentations, because those misrepresentations induced Plaintiff and members of the California Class to make purchases they otherwise would not have made or pay more for those purchases than they otherwise would have paid.

89. Plaintiff seeks an injunction against Defendant's false advertising.

90. Plaintiff seeks restitution of money obtained from Plaintiff and the California Class through the unlawful advertising.

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

**Cal. Civ. Code §§ 1750 et seq.**

**Injunctive Relief Only**

**(By Plaintiff Against Defendant on Behalf of the California Class)**

91. Plaintiff incorporates the preceding factual and class allegations as though fully set forth herein.

92. Plaintiff brings this claim on behalf of herself and the California Class.

93. The Consumers Legal Remedies Act ("CLRA") prohibits specified unfair or deceptive practices in consumer transactions resulting in the sale of goods or services. Plaintiff and California Class members purchased apparel for personal, family, or household purposes and are consumers under Civil Code section 1761(d). The apparel is goods under section 1761(a), and the purchases are transactions under section 1761(e).

94. Defendant violated Civil Code section 1770(a)(9) by advertising goods with the intent not to sell them as advertised and section 1770(a)(13) by making false statements concerning the existence or amounts of price reductions. Defendant advertised genuine savings from higher reference prices while intending to sell products without the genuine price reductions represented.

95. The representations were material to Plaintiff's and California Class members' purchase decisions. Plaintiff actually relied on them in making her purchase and lost money as a result, as alleged above.

96. At this time, Plaintiff seeks only injunctive relief under the CLRA, together with recoverable attorneys' fees and costs. Plaintiff does not presently seek CLRA damages. Pursuant to Civil Code section 1782(d), Plaintiff reserves the right

to amend this Complaint to seek damages under the CLRA after satisfying the applicable notice and waiting requirements.

97. Plaintiff seeks an order enjoining Defendant from advertising false regular or former prices and fictitious discounts, and requiring Defendant to present price comparisons truthfully, to protect Plaintiff and the California Class against the continuing threat described above.

**FOURTH CLAIM FOR RELIEF**

**FRAUD**

**Intentional Misrepresentation**

**(By Plaintiff Against Defendant on Behalf of the California Class)**

98. Plaintiff incorporates the preceding factual and class allegations as though fully set forth herein.

99. Plaintiff brings this claim on behalf of herself and the California Class.

100. On January 16, 2026, before Plaintiff completed her purchase through the Website, Defendant represented on the product page for the V-Neck Long Sleeve Sweater Fringe Pullover Casual Tassel Fall Winter Top that the Sweater was being offered at $26.99 at a discount from the higher reference price displayed alongside it, as alleged and depicted in paragraphs 31–34 above. Defendant made materially similar reference-price representations to California Class members in connection with their purchases.

101. Defendant's specific reference-price representations were false because they conveyed that the challenged higher prices were bona fide regular or former prices and that the advertised reductions represented genuine savings. On information and belief, the affected products' actual pricing histories, including their sale and off-sale periods, did not support those representations.

102. On information and belief, Defendant knew that those specific representations were false when it made them, or made them recklessly without

regard for their truth. Defendant controlled its advertised pricing and had access to records showing the prices offered, the duration of sale and off-sale periods, and actual sales.

103. Defendant's representations were made with the intent that Plaintiff and the California Class rely on the false representations and spend money they otherwise would not have spent, purchase products they otherwise would not have purchased, and/or spend more money for a product than they otherwise would have absent the deceptive marketing scheme.

104. Defendant engaged in this fraud to the Plaintiff and the California Class's detriment in order to increase Defendant's own sales and profits.

105. Plaintiff and the California Class reasonably relied on Defendant's representations.

106. Absent Defendant's misrepresentations, Plaintiff and the California Class would not have purchased the products they purchased from Defendant, or, at the very least, they would not have paid as much for the products as they ultimately did. The reliance of Plaintiff and the California Class was a substantial factor in causing them harm.

107. Plaintiff and California Class members paid more than they otherwise would have paid, or made purchases they otherwise would not have made, because of the false representations. Their recoverable loss will be established through evidence rather than presumed to equal the advertised markdown.

108. As a direct and proximate result of the above, Plaintiff and the California Class have suffered damages in an amount to be proven at trial. Defendant's conduct was fraudulent and was undertaken with the intent to deprive Plaintiff and California Class members of money through the intentional misrepresentations alleged above, thereby entitling Plaintiff and the California Class to punitive damages to the extent permitted by law.

**FIFTH CLAIM FOR RELIEF**

**QUASI CONTRACT AND UNJUST ENRICHMENT**

**(By Plaintiff Against Defendant on Behalf of the Nationwide Class)**

109. Plaintiff incorporates the preceding factual and class allegations as though fully set forth herein.

110. Plaintiff brings this claim on behalf of herself and the Nationwide Class. In the alternative, Plaintiff brings this claim on behalf of herself and the California Class.

111. Plaintiff pleads this claim in the alternative and seeks restitution under a quasi-contract theory based on Defendant's unjust retention of benefits obtained through the misrepresentations alleged above.

112. As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase Defendant's products and to pay a price premium for these products.

113. In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

114. It would be unjust for Defendant to retain the money obtained through the deceptive practices. Subject to the equitable-remedy allegations above, Plaintiff and Class members seek restitution of the benefit unjustly retained at their expense, or rescission on appropriate terms, with any necessary allowance for the value of goods retained.

**SIXTH CLAIM FOR RELIEF**

**NEGLIGENT MISREPRESENTATION**

**(By Plaintiff Against Defendant on Behalf of the Nationwide Class)**

115. Plaintiff incorporates the preceding factual and class allegations as though fully set forth herein.

116. Plaintiff brings this claim on behalf of herself and the Nationwide Class. In the alternative, Plaintiff brings this claim on behalf of herself and the California Class.

117. In the alternative to intentional fraud, Defendant made the affirmative reference-price and discount representations described above without reasonable grounds for believing them true. Those statements concerned existing facts about regular or former prices and actual savings.

118. Defendant controlled its price advertising and maintained information concerning the prices at which its products were offered and sold. It lacked reasonable grounds to represent the challenged comparison figures as bona fide regular or former prices.

119. Defendant intended that Plaintiff and class members rely on these representations and Plaintiff and class members read and reasonably relied on them.

120. In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Defendant's products.

121. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

122. Plaintiff and Class members suffered pecuniary losses proximately caused by their reasonable reliance, including a proven overpayment attributable to the misrepresentations. Plaintiff seeks the damages legally recoverable on this claim in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed classes, requests judgment against Defendant as follows:

A. An order certifying the appropriate classes and subclasses under Rule 23, appointing Plaintiff as class representative, and appointing her counsel as class counsel;

B. Declaratory and injunctive relief;

C. Restitution;

D. Compensatory damages;[2]

E. Punitive damages;

F. Rescission;

G. Reasonable attorneys' fees and costs;

H. Prejudgment and postjudgment interest to the extent permitted by law.

I. Such other and further relief as the Court deems just and proper.

Dated: October 8, 2026

BEN-MEIR LAW GROUP

By: /s/ David Ben-Meir
David Ben-Meir

Attorneys for Plaintiff

---

[2] No damages are presently sought under the CLRA.

## JURY DEMAND

Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all issues so triable.

Dated: October 8, 2026

BEN-MEIR LAW GROUP

By: /s/ David Ben-Meir
David Ben-Meir

Attorneys for Plaintiff